**Scott BRODIE, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

**No. 06–15763.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2008.*

Filed Feb. 21, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Bobbie J. Montoya, Esq., USSAC—Office of the U.S. Attorney, Sacramento, CA, Maria V. Daquipa, Esq., SSA—Social Security Administration Office of the General Counsel, San Francisco, CA, Defendant–Appellee.

Before: THOMAS and BYBEE, Circuit Judges, and BLOCK **, Senior District Judge.

** The Honorable Frederic Block, Senior United States District Judge for the Eastern District

MEMORANDUM ***

The facts and procedural posture of the case are known to the parties, and we do not repeat them here. Claimant Scott Brodie appeals from the magistrate judge's affirmance of the ALJ's denial of disability insurance benefits ("SSI benefits") under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*

■ Brodie states that his "present application, alleging disability since 11/22/98, ... constitutes an implied request for reopening" of the ALJ's denial of benefits on his previous claim for SSI benefits, entered on October 24, 2001. Under applicable regulations, Brodie was required to request a reopening of the ALJ's decision directly from the Appeals Council within twelve months of the Council's denial of review of that application. *See* 20 C.F.R. § 404.988(a). Because Brodie failed to do so, the ALJ's decision has become final. *See* 20 C.F.R. § 404.987(a). The district court lacked jurisdiction to review this discretionary decision. *See Udd v. Massanari,* 245 F.3d 1096, 1098–99 (9th Cir. 2001).

■ Our review is limited to whether Brodie was disabled as of October 25, 2001. Brodie raises three challenges to the ALJ's determination that he is not disabled. First, Brodie claims he was given no step three analysis. The ALJ found that Brodie's conditions, viewed in combination, could not be analyzed to determine whether they met or equaled Listings 11.02 or 11.03. These listings cover epilepsy so severe that "the impairment persists despite the fact that the individual is following prescribed antiepileptic treatment." 20 C.F.R. pt. 404, subpt. P., App. 1, Listing 11.00(A) (introduction). The ALJ did not

err in finding Brodie had not met his burden of proof because he could not show that he had taken prescribed antiepileptic medication for three months but had no success. *See Lewis v. Apfel,* 236 F.3d 503, 513 (9th Cir.2001); Social Security Ruling ("SSR") 87–6 (1987). The ALJ also noted that Brodie continued to drive a vehicle, a factor that seriously undermined his claim that his impairments were so severe that they equaled debilitating epilepsy.

■ Second, Brodie argues that the ALJ improperly rejected the medical opinion of Dr. Ashley. The ALJ gave several "specific and legitimate" reasons for doing so, all of which are supported by substantial evidence. *See Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1996). Dr. Ashley's report of the frequency of Brodie's syncopal episodes was inconsistent with the frequency reported in the record and even with Brodie's own testimony about the frequency of his symptoms. Dr. Ashley reported that Brodie could lose consciousness and stop breathing, yet she took no steps to terminate his driving rights. Dr. Ashley's opinion had been rejected in Brodie's previous application because she exaggerated the claimant's frequency of his episodes.

■ Finally, Brodie claims the ALJ lacked substantial evidence to make an adverse credibility finding against Brodie. In making an adverse credibility finding, "[w]ithout affirmative evidence showing that the claimant is malingering, the [ALJ's] reasons for rejecting the claimant's testimony must be clear and convincing." *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 599 (9th Cir.1999). The ALJ gave several clear and convincing reasons: Brodie's complaints were highly

of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

inconsistent over time and inconsistent with the medical records; there was a 17–month period in which no treatment had been sought for the condition; and Brodie continued to drive his car and care for his three-year-old son, despite claiming he frequently suffered severe episodes of loss of consciousness. Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's decision which must be upheld. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir.2005).

Accordingly, the decision of the district court is **AFFIRMED.**