NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SCOTT BRODIE, | No. 11-16121 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02338-CMK |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Craig M. Kellison, Magistrate Judge, Presiding

Submitted November 7, 2012[**]
San Francisco, California

Before: GOULD and M. SMITH, Circuit Judges, and DUFFY, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Plaintiff-Appellant Scott Brodie appeals the district court's grant of summary judgment in favor of the Commissioner. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Brodie may not re-litigate his prior claims for benefits, including claims this court has previously denied. "Under applicable regulations, Brodie [is] required to request a reopening of the ALJ's decision directly from the Appeals Council within twelve months of the Council's denial of review of that application." *Brodie v. Comm'r of Soc. Sec.*, 267 F. App'x 662, 664 (9th Cir. 2008); *see also* 20 C.F.R. § 416.1488. Brodie has not requested the reopening of any prior ALJ decision and is thus foreclosed from re-litigating those claims now.

The ALJ did not err in determining that Brodie's syncope and seizures did not equal listed impairments 11.02 or 11.03 for convulsive and non-convulsive epilepsy. Brodie does not meet either listing requirement because he failed to show that he underwent three months of prescribed treatment without success, or that his seizures followed a "typical seizure pattern." *See* 20 C.F.R. pt. 404, subpt. P., App. 1, Listings 11.02, 11.03.

Brodie's assertion that the ALJ failed to comply with the Appeals Council's

2

order on remand is belied by the ALJ's decision, which reveals sufficient consideration of Brodie's obesity, mental impairment, and whether his past work as a security guard constituted relevant work.

Finally, we reject Brodie's contention that the ALJ, in assessing Brodie's residual functioning capacity, gave insufficient consideration to the severity of his syncope and seizures, as well as his mental impairments, obesity, and sleep apnea. The ALJ compared the extensive record evidence and opinions regarding Brodie's seizures and syncope, to his subjective complaints. Although the ALJ did not doubt Brodie's diagnoses of seizures or syncope, he found that Brodie's claims regarding the intensity, persistence, and limiting effects of his symptoms were not supported by the evidence. Where, as here, the evidence reasonably supports the ALJ's decision, we must defer to the ALJ's credibility determinations. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Additionally, the ALJ did not err in rejecting Brodie's claims of mental impairment, obesity, or sleep apnea because Brodie failed to show that these symptoms impeded his ability to work or exacerbated his seizures or syncope.

**AFFIRMED.**